The amendment to section 1448 of the Civil Practice Act by chapter 288 of the Laws of 1941 empowers arbitrators to determine valuations and appraisals when authorized by agreement of the parties but does not require that the agreement in suit be treated as an agreement to arbitrate all the controversies that may exist between the parties under article 84 of the Civil Practice Act. (*Matter of Fletcher*, 237 N. Y. 440; *Matter of Amer. Ins. Co.*, 208 App. Div. 168.) *Matter of Fitzgerald* (*Continental Ins. Co.*) (275 App. Div. 453. motion for leave to appeal denied 275 App. Div. 1005) does not seem to hold to the contrary; but if it does, it may not be followed. (*Syracuse Sav. Bank* v. *Yorkshire Ins. Co.*, 301 N. Y. 403, 410.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

## FIRST DEPARTMENT, JANUARY, 1952.

### (January 8, 1952.)

GARDEN CITY PLATING & MANUFACTURING Co., on Behalf of Itself and All Other Persons Entitled to Share in Funds Received or To Be Received by ROSS-SIGMOND, INC., Contractor, from GIMBEL BROTHERS, INC., v. ROSS-SIGMOND, INC., et al.— Present — Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ. [See *ante*, p. 714.]

### (January 9, 1952.)

SY-JO LUNCHEONETTE, INC., et al., Respondents, v. MARSAV DISTRIBUTORS, INC., et al., Defendants, and JOE RAYMOND et al., Appellants.— Memorandum on settlement of order: An order entered herein on July 27, 1951, granted defendants a stay pending appeal on posting a bond for $9,500, conditioned on affirmance and with other conditions. The judgment in plaintiffs' favor has been reversed (*ante*, p. 715) and the surety should be discharged. Other claims and counterclaims between the parties have arisen subsequent to the appeal herein; and unless the parties amicably adjust such claims they must be disposed of in further legal or equitable proceedings, and cannot be disposed of in order entered on this record on reversal of the judgment in plaintiffs' favor. In the light of certain facts developed after the appeal, it would be unfair now to direct defendant Landerton to return the restaurant business to plaintiffs without any terms being imposed for fulfillment of plaintiffs' obligations or for reimbursement of obligations incurred or paid by defendant Landerton or other defendants by reason of plaintiffs' action or omission to act. Accordingly, the order entered July 27, 1951, is vacated. Order proposed by defendants-appellants, as modified, signed. Present — Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ.